# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-706V
Filed: April 13, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| ERICA EVANS, M.D., * | |
| * | Special Master Roth |
| Petitioner, * | |
| * | |
| v. * | Petitioner's Motion for Dismissal |
| * | Decision; Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH * | Orthostatic Hypotension; |
| AND HUMAN SERVICES, * | Tingling in Extremities; Residual |
| * | Symptoms. |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Andrew D. Downing, Van Cott & Talamante, PLLC, LLC, Phoenix, AZ, for Petitioner.
Traci R. Patton, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 17, 2012, Erica Evans, M.D. ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). In an amended Petition filed on December 15, 2014, Petitioner alleged that she suffers from "orthostatic hypotension . . . due to autonomic nervous system dysfunction that can be triggered by vaccination", intermittent numbness and tingling in extremities, and residual physical and psychological symptoms as a result of the influenza ("flu") vaccination[2] she received on October 7, 2009. Amended Petition ("Amend. Pet") at 1-8. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On April 12, 2016, Petitioner filed a Motion for Decision Dismissing her Petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner discusses the H1N1 Vaccination in her petition and amended petition; however, this is not a covered vaccination. See § 300aa-14.

Motion, ECF No. 74.  According to the motion, petitioner "recognizes that she will likely be unable to meet her burden of proof and establish that she is entitled to compensation in the Vaccine Program."  Motion at 1.  Petitioner further states that she understands that a dismissal decision will result in a judgment against her, and that such a judgment will end all of her rights in the Vaccine Program.  *Id.*

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that her injuries were caused by a vaccination.

Although the record contains a medical expert opinion, this opinion and the other evidence submitted, is not persuasive evidence connecting petitioner's injuries to her flu vaccination.  *See* Petitioner's Exhibit ("Pet. Ex.") 18.  Petitioner's expert, Dr. David Axelrod, opined that petitioner suffered from dysautonomia with neurogenic orthostatic hypotension, which was caused by cytokine release after she received her vaccination.  *See generally* Pet. Ex. 18.  The Special Master assigned to the case at the time expressed "several concerns with the above-captioned case including . . . an unclear diagnosis, onset timing, a potential pre-existing condition, and incomplete testing due to medication."  Order, ECF No. 56.  Furthermore, the Special Master explained that like petitioner's treating physicians, the parties' experts could not agree upon a diagnosis of any injury related to the vaccine and a neuropsychological evaluation was ordered.  *Id.*  During a status conference with the undersigned, petitioner's counsel stated that he could not retain a neuropsychiatrist willing to assist in this case.  Petitioner's alleged injuries remain unclear.  Order, ECF No. 73.  Therefore, petitioner filed a motion to dismiss her case.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner's expert report is also insufficient.  Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

       **IT IS SO ORDERED.**

                                              /s/Mindy Michaels Roth
                                              Mindy Michaels Roth
                                              Special Master